UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 1:09-cr-98-4 |
| v. | ) | |
| | ) | Judge Travis R. McDonough |
| JOHN LINDER, II | ) | |
| also known as "LIL JOHN" | ) | Magistrate Judge Christopher H. Steger |
| | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant's pro se motion for sentence reduction pursuant to Section 404 of the First Step Act (Doc. 817) as supplemented by counsel (Doc. 845). As discussed below, Defendant's motion (Docs. 817, 845) will be **GRANTED**.

I.  BACKGROUND

In November of 2009, Defendant pled guilty to one count of conspiracy to manufacture, distribute, and possess with intent to distribute fifty (50) grams or more of cocaine base and five (5) kilograms or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). (Docs. 288, 290.)

At the time of sentencing, Defendant was held responsible for over fifty (50) grams of crack cocaine and approximately eleven (11) kilograms of cocaine hydrochloride, resulting in a base offense level of 32. (Revised Presentence Report ("PSR") ¶¶ 22, 27.) With a three-level reduction for acceptance of responsibility, Defendant's total offense level was 29. (*Id*. ¶¶ 33, 36.) Defendant's criminal history category was VI, resulting in a sentencing guideline range of 151 to 188 months. (*Id*. ¶¶ 56, 77.) Defendant was subject to a 20-year mandatory minimum because the United States ("the Government") filed a timely notice of enhancement under 21

U.S.C. § 851, and therefore, Defendant's effective guideline range was 240 months. (*Id.* ¶ 75–77; Doc. 286.)

In February of 2010, the Court sentenced Defendant to the mandatory minimum of 240 months of imprisonment and ten (10) years of supervised release. (Doc. 399.) According to the Bureau of Prisons, Defendant's projected release date is July 10, 2027. *Find an Inmate*, BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (search by register number 42461-074) (last accessed September 2, 2022).

Defendant now requests a sentence reduction under the First Step Act. (Docs. 817, 845.) He contends that a reduction is warranted in light of his rehabilitative efforts and the fact that if he were sentenced today his prior drug trafficking offenses would not qualify as § 851 predicates. (Doc. 845, at 11.) The Government argues that Defendant is not eligible for relief under the First Step Act because the statutory penalty for Defendant's amount of cocaine hydrochloride was not changed by the First Step Act. (Doc. 851, at 2–5.) Even if the Court finds Defendant is eligible for a sentence reduction, the Government urges the Court to deny relief to avoid Defendant receiving a windfall not available to other defendants prosecuted for the same conduct. (Doc. 851, at 5–6.) This matter is now ripe for review.

## II. LEGAL STANDARD

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). One statute that "expressly permits" sentence modifications is the First Step Act. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018).

The First Step Act allows "[a] court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." *Id.* The First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." § 404(c). Defendants cannot obtain relief under the First Step Act if they have already benefited from the Fair Sentencing Act or have lost a prior motion after a complete review of the motion on the merits. *See* First Step Act of 2018, § 404(c). Provided neither of those two limitations apply, "eligibility for resentencing under the First Step Act turns on the statute of conviction alone." *United States v. Boulding*, 960 F.3d 774, 781 (6th Cir. 2020).

However, "[e]ven if a defendant is determined to be eligible, a reduction is not automatic." *United States v. Jackson*, No. 19-6313, 2020 U.S. App. LEXIS 25453, at *5 (6th Cir. Aug. 11, 2020). Before granting relief under the First Step Act, courts must, at a minimum, conduct "an accurate calculation of the amended guidelines range at the time of resentencing" and a "thorough renewed consideration of the [18 U.S.C.] § 3553(a) factors." *Boulding*, 960 F.3d at 784. When analyzing the § 3553(a) factors, courts may consider intervening changes in fact, such as post-sentencing conduct, as well as intervening changes in the law. *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022). Ultimately, "[t]he First Step Act . . . leaves the choice whether to resentence to the district court's sound discretion." *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019) (per curiam).

### III. ANALYSIS

The First Step Act requires the Court to answer two questions: is Defendant eligible for a sentence reduction, and if so, what if any sentence reduction is warranted?

A. **Eligibility**

Defendant was convicted under 21 U.S.C. § 841(b)(1)(A) for an offense involving at least fifty (50) grams of crack cocaine, and the Fair Sentencing Act modified the statutory penalties for that code section. Specifically, at the time of Defendant's sentencing, this statutory provision imposed a mandatory minimum sentence of ten (10) years to drug offenses involving fifty (50) grams or more of cocaine base. Yet, after the Fair Sentencing Act, as made retroactive by the First Step Act, the threshold quantity of crack cocaine necessary to trigger the mandatory penalties in § 841(b)(1)(A)(iii) is 280 grams. Moreover, Defendant committed this offense before August 2, 2010. Thus, Defendant was convicted of a covered offense.

That Defendant's conspiracy offense also included enough cocaine hydrochloride to trigger the penalties under § 841(b)(1)(A) does not change the covered offense analysis. "[A] reduction under § 404 does not turn on whether [a defendant's] sentence would have been lower under the Fair Sentencing Act." *United States v. Walker*, No. 20-1555, 2021 U.S. App. LEXIS 11681, at *4 (6th Cir. Apr. 20, 2021) (defendant convicted of one count of powder cocaine distribution and one count of conspiracy to distribute crack cocaine was eligible under the First Step Act for a sentence reduction on both counts). "[A] defendant is eligible for First Step Act relief even though his single count of conviction involved both powder cocaine and cocaine base." *United States v. Woods*, No. 2:03-CR-069, 2021 U.S. Dist. LEXIS 136858, at *4-5 (E.D. Tenn. July 22, 2021); *see also United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020) ("If Congress intended for the Act not to apply if a covered offense was combined with an offense that is not covered, it could have included that language. But it did not.").

4
Case 1:09-cr-00098-TRM-CHS   Document 943   Filed 09/09/22   Page 4 of 7   PageID #: 3438

Moreover, Defendant has not previously received the benefit of the Fair Sentencing Act or been denied a sentence reduction pursuant to the First Step Act. Accordingly, he is eligible for a sentence reduction.

**B.    § 3553(a) Factors**

First, the Court calculates Defendant's amended guidelines range. Due to the amount of cocaine hydrochloride involved in his offense, Defendant would still have been subject to a 240-month mandatory minimum sentence if he had originally been sentenced pursuant to the Fair Sentencing Act. The Court notes, however, that under Section 401 of the First Step Act, Defendant's conviction for possession for resale—for which he received a sentence of eight (8) years' probation but no jail time—would not count as a "serious drug offense" for the purposes of an § 851 enhancement. (*See* PSR, ¶ 50.) Hence, if sentenced today, Defendant would not be subject to a § 851 enhancement and would face a mandatory minimum sentence of only 120 months.

Defendant's criminal conduct in this case was serious due to the amount of drugs involved, but did not include any particularly aggravating factors. According to Defendant's plea agreement, he was part of a narcotics trafficking organization involved in the distribution of cocaine base ("crack") and cocaine hydrochloride between 2005 and 2009. (Doc. 290, ¶ 4.) Defendant was directly or indirectly responsible for distributing over fifty (50) grams of crack cocaine and approximately eleven (11) kilograms of cocaine hydrochloride over the course of the conspiracy. (*Id.*) During 2006 and 2007, Defendant sold drugs to informants during multiple controlled buys. (*Id.*) In April of 2006, law enforcement executed a search warrant on Defendant's residence and recovered 0.7 grams of crack cocaine from Defendant and a co-conspirator. (*Id.*) Moreover, in August of 2006, Defendant and a co-conspirator were subject to

a traffic stop and law enforcement found 169.7 grams of cocaine hydrochloride in the vehicle. (*Id.*) At the time of his sentencing in February of 2010, Defendant was twenty-seven (27) years old. (*See* PSR, at 3.)

Defendant's criminal history includes convictions for evading arrest (2002), simple possession of cocaine (2004), domestic violence assault (2005), domestic violence assault (2005), vandalism (2006), possession of cocaine for resale (2006), possession of marijuana (2006), and domestic assault (2007). (PSR ¶¶ 40, 45, 47–53.) He also has a conviction for possession of schedule II with intent (2007) that is related to the instant case, and six (6) convictions for driving on a suspended license. (*Id.* ¶¶ 40–44, 46, 53.)

The Court also looks to Defendant's post-sentencing conduct. *See Concepcion v. United States*, 142 S. Ct. 2389, 2396 (2022) ("When a defendant appears for sentencing, the sentencing court considers the defendant on that day, not on the date of his offense or the date of his conviction) (citing *Pepper v. United States*, 131 S.Ct. 1229 (2011)). While incarcerated, Defendant has taken classes in commercial driving, Microsoft computer programs, African American history, Mozilla Firefox, parenting, anger management, reentry, job interview skills, forklift operations, resumes, and other classes. (Doc. 845, at 14.) He has also incurred a total of eleven (11) disciplinary sanctions, with the most recent sanction being in February of 2020. (Doc. 851, at 6.) Some of his sanctions have involved possession of a dangerous weapon or intoxicants, fighting, interference with phone monitoring, and refusal to follow orders. (*Id.*)

Having considered the § 3553(a) factors and the parties' arguments, the Court concludes that a reduced sentence of 188 months is appropriate. This sentence falls at the high end of what would have been Defendant's original guideline range, had he not been subject to a mandatory minimum that does not apply today. This sentence is sufficient but not greater than necessary to

reflect the seriousness of the offenses of conviction and to serve the other sentencing goals listed in § 3553(a).  The Court declines to reduce Defendant's sentence further, given his mixed record in prison and the fact that the Fair Sentencing Act would not have reduced Defendant's statutory penalty range had it been in effect at the time of his original sentencing.

## IV.     CONCLUSION

Accordingly, Defendant's motion for sentence reduction (Docs. 817, 845) is **GRANTED**. Defendant's sentence of 240 months is reduced to 188 months' imprisonment.  His term of supervised release and conditions for supervised release remain the same.

**SO ORDERED.**

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**